UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>    Plaintiff,<br><br>    v.<br><br>AUTUMN FARIS,<br><br>    Defendant. | No. 2:17-cv-2440 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I. <u>Introduction</u>

Plaintiff is a Sacramento County Jail inmate proceeding pro se and in forma pauperis with a Second Amended Complaint (SAC) filed pursuant to 42 U.S.C. § 1983. <u>See</u> ECF No. 14. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned recommends the dismissal of his action with prejudice for failure to state a cognizable claim.

////
////
////
////
////
////

1

1    II.     Screening of Plaintiff's Second Amended Complaint[1]

2           A.      Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

---

[1] Before signing the operative Second Amended Complaint on May 22, 2018, ECF No. 14, plaintiff signed a First Amended Complaint on May 21, 2018, ECF No. 16. These pleadings were docketed in inverse order, apparently as received or processed by the court. However, under the prison mailbox rule, a document is deemed filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates). Therefore, the undersigned finds the Second Amended Complaint to be plaintiff's most recently filed pleading, and has screened it accordingly under 28 U.S.C. § 1915A(a).

B. <u>Prior Screening of Plaintiff's Original Complaint</u>

In his original complaint, plaintiff alleged that sole defendant Autumn Faris, a social worker, violated his federal due process rights by making "careless errors" referencing plaintiff's expunged convictions and the requirement that he register as a sex offender, resulting in the decision of the Placer County Superior Court to remove plaintiff's daughter from his custody. <u>See</u> ECF No. 1. Plaintiff sought $100,000,000 in monetary damages and an order "preventing any of the actors in that Placer County Court Case from using those expunged cases or their aftermath to impune [sic] or impeach my good character!" <u>Id.</u> at 4.

By order filed May 10, 2018, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). <u>See</u> ECF No. 12. The court granted plaintiff's request to proceed in forma pauperis, denied his miscellaneous requests for financial assistance, and dismissed the complaint with leave to amend. The court initially found that it lacks jurisdiction, under the <u>Rooker–Feldman</u> doctrine,[2] to consider plaintiff's claim that his federal rights were violated by an erroneous state court decision. The court then set forth the legal standards for assessing a social worker's immunity from suit, and concluded that the complaint alleged no facts from which to infer that defendant Faris had acted outside the scope of her quasi-prosecutorial functions (entitling her to absolute immunity), or that her alleged errors were intentional (entitling her to quasi-absolute immunity). <u>Id.</u> at 3-7. The court dismissed the original complaint with leave to file an amended complaint, reasoning as follows:

> The instant complaint is *devoid of allegations that Faris overlooked specific information or documents that were available upon reasonable inquiry,* and therefore accords no "facial plausibility" to a claim that Faris violated plaintiff's substantive due process rights. Although plaintiff may be able to challenge this matter in a cognizable federal claim, he has not yet done so in the original complaint. [¶] For these reasons, the complaint must be dismissed.

---

[2] The <u>Rooker–Feldman</u> doctrine is premised on the Supreme Court's decisions in <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 483 n.16 (1983), and <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923). The doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." <u>Carmona v. Carmona</u>, 603 F.3d 1041, 105-51 (9th Cir.2010); <u>see also</u> <u>Dubinka v. Judges of Sup. Ct.</u>, 23 F.3d 218, 221 (9th Cir.1994) ("Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions.").

> Nevertheless, liberally construing the complaint, the court will accord plaintiff leave to file an amended complaint in an attempt to state a cognizable Fourteenth Amendment substantive due process claim against Faris, subject to the legal standards and practical considerations noted above. Any new factual allegations must be consistent with those set forth in the original complaint.

Id. at 6-7 (internal citations omitted) (emphasis added).

### C. Current Screening of Plaintiff's Second Amended Complaint

The court now screens plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A(a), and the above-noted legal standards. In his SAC, plaintiff alleges that Faris "*wrote reports* for Placer County Superior Court that mentioned the [convictions] that I got expunged 6 yrs ago! She also *told the court* in said reports that I'm a registered sex offender! When I am not! . . . I won my PC 1203.4 in Placer County Superior Court on April 11, 2012! In Case Number 62-42890. It is CPS Social Work Autumn Faris' *policy* to deprive people of thier [sic] 14th Constitutional Amendment Right to Due Process." ECF No. 14 at 4 (emphasis added). Plaintiff seeks monetary damages in the amount of $100,000,000.00.

While these allegations arguably imply that Faris failed to undertake a reasonable inquiry and thereby failed to discover Case No. 62-42890, plaintiff does not so allege. More importantly, such discovery would have not have precluded Faris from relying on plaintiff's prior convictions in the subsequent custody proceedings. Under California Penal Code § 1203.4, an individual who has, inter alia, completed probation, may petition the Superior Court to dismiss the underlying charges. However, the statute specifically provides that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." Cal. Pen. Code § 1203.4(a)(1). Moreover, California law expressly requires sex offender registration regardless of expungement under Section 1203.4. Cal. Pen. Code § 290.007 ("Any person required to registered ... shall register ... regardless of whether the person's conviction has been dismissed pursuant to Section 1203.4...."). Accordingly, defendant Faris' conduct in reporting plaintiff's sex offender status fails to support a federal due process claim entirely apart from the immunity to which she is entitled.

4

The undersigned finds that further amendment in this case would be futile. The court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Therefore, the undersigned will recommend dismissal of this action with prejudice for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). The undersigned will further recommend that dismissal of this action count as a "strike" under the "three strikes" rule set forth at 28 U.S.C. § 1915(g).

III.   Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without leave to amend for failure to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A(b)(1); and

2. The dismissal of this action be counted as a "strike" under the "three strikes" rule set forth at 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 1, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE